UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEITH WIGGER,

                       Plaintiff,

        - against –

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION AND
STEVEN MENAFRO, individually.,

                     Defendants.
------------------------------------------------------------------X

19-CV-_1716_

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

The plaintiff, KEITH WIGGER ("Plaintiff"), by his attorneys, LAW OFFICE OF DOUGLAS J. FANNING LLP, as and for his Complaint against the defendants, United States Department of Justice, Federal Bureau of Investigation, and Steven Menafro, individually and as an agent of the Federal Bureau of Investigation, alleges the following:

### SUMMARY OF THE CLAIMS

1. This is an action for personal injuries resulting from a Motor Vehicle accident.

### JURISDICTION AND VENUE

2. This action arises, in part, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b); the doctrine under Bivens v. Six Unknown Federal Bureau of Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971); and violations of the United States Constitution.

3. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1246(b) and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

4. Venue is properly established in the Eastern District of New York pursuant to 28 U.S.C. § 1402(b) as the unlawful acts complained of occurred in the Eastern District of New York.

5.    On May 5, 2017, Plaintiff served upon Defendants his Notice of Claim pursuant to the Federal Tort Claims Act (attached hereto as Exhibit A). More than six months have elapsed since said Notice and Defendants. Defendant have responded and made a settlement offer dated September 26, 2018, that offer is unsatisfactory to the Plaintiff. (attached hereto as Exhibit B).

### Jury Demand

6.    Keith Wigger demands a trial by jury in this action on each and every one of his claims for which he is entitled to a jury.

### The Parties

7.    Plaintiff **KEITH WIGGER** an individual having a principal residence at 136A lamped Loop, Staten Island, New York 10314.

8.    At all times set forth herein, upon information and belief, the defendant United States Department of Justice **(USDOJ)**, Federal Bureau of Investigation **(FBI)**, and **STEVEN MENAFRO**, individually and as an agent of the Federal Bureau of Investigation. Upon information and belief, the United States Department of Justice, Federal Bureau of Investigation, and Steven Menafro, individually and as an agent of the Federal Bureau of Investigation operates, funds and/or maintains offices at 26 Federal Plaza, New York, New York 10278.

### FACTUAL BACKGROUND

9.    On February 22, 2017, Plaintiff Keith Wigger was operating a vehicle on the Verrazano Narrows Bridge when it was struck in the rear by an FBI vehicle being operated by Steven Menafro causing serious personal injuries to Plaintiff Keith Wigger.

## THE FIRST CAUSE OF ACTION

10. At all times hereinafter mentioned, Plaintiff, **KEITH WIGGER.**, was and still is a resident of the County of Richmond, State of New York.

11. At all times hereinafter mentioned, the plaintiff, **KEITH WIGGER.**, was the driver of a vehicle, a 2014 Ford SUV bearing New York State Plate No: FXW7287.

12. At all times hereinafter mentioned, the defendant, United States Department of Justice **(USDOJ)**, was, and still is, a federal agency, department and/or division of the United States of America operating under the laws of the federal government.

13. At all times hereinafter mentioned, the defendant, United States Department of Justice **(USDOJ)** was the owner/registrar of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

14. At all times hereinafter mentioned, the defendant, , United States Department of Justice **(USDOJ)** was the owner/operator of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

15. At all times hereinafter mentioned, the defendant, Federal Bureau of Investigation **(FBI)**, was, and still is, a federal agency, department and/or division of the United States of America operating under the laws of the federal government.

16. At all times hereinafter mentioned, the defendant, Federal Bureau of Investigation **(FBI)** was the owner/registrar of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

17. At all times hereinafter mentioned, the defendant, , Federal Bureau of Investigation **(FBI)** was the owner/operator of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

18. At all times hereinafter mentioned, the defendant, **STEVEN MENAFRO**, was and still is a resident of the County of Middlesex, State of New Jersey.

19. At all times hereinafter mentioned, the defendant, **STEVEN MENAFRO** was the owner/registrar of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

20. At all times hereinafter mentioned, the defendant, **STEVEN MENAFRO**, was the owner/operator of a Nissan Pathfinder passenger motor vehicle bearing New York State Plate No: GZY9920 for the year 2014.

21.. At all times hereinafter mentioned, Verrazano Narrows Bridge, County of Richmond, State of New York, was and still is a public roadway and in common use by the residents of said county and others.

22. On or about February 22, 2017, at the aforesaid location, specifically on West Bound side of the Verrazano Narrows Bridge (longitude 40.604313- Latitude -74.05280), closet, in the County of Richmond, the defendant, driver **STEVEN MENAFRO'S** vehicle struck from the rear the vehicle in which Plaintiff, **KEITH WIGGER,** was operating.

23. On or about February 22, 2017 at approximately 2:20 PM, the Defendants were careless, reckless and negligent in the ownership, operation, maintenance, and control of the Defendant's aforesaid motor vehicle including but not limited to failing to keep a proper lookout upon the roadway, in traveling at excessive speeds under the circumstances then and there existing, in failing to avoid the happening of the accident and in otherwise being negligent, careless and reckless all resulting in the Plaintiff sustaining severe and serious personal injuries.

24. The aforesaid accident was due solely to the negligence of the Defendants and

without any contributory negligence on the part of the Plaintiff.

25. Upon information and belief, the Plaintiff, **KEITH WIGGER.**, sustained severe and serious personal injuries as defined in Article 51 of the Insurance Law of the State of New York and particularly Subdivision (d) of section 5102 thereof.

26. Upon information and belief, the Plaintiff, **KEITH WIGGER**, is a covered person as defined by the Insurance Law of the State of New York.

27. Plaintiff, **KEITH WIGGER.**, has sustained economic loss greater than basic economic loss as defined in Subdivision (a) of section 5102 of the Insurance law of the State of New York and, that by reason thereof, said plaintiff is entitled to recover for non-economic loss and for such economic losses are not included within the definition of "basic economic loss" as set forth in the Insurance law of the State of New York.

28. As a result of said collision, Plaintiff **KEITH WIGGER,** was caused to and did suffer painful and serious injuries to diverse parts of her body and limbs, causing her to become sick, sore, lame and disabled for a significant period of time and he did suffer personal injuries to her mind and body, requiring him to obtain medical treatment to said injuries sustained by this plaintiff, are permanent in their nature and character and suffered economic damages other than basic economic loss.

29. This action falls within one or more of the exceptions to Section 1602 of the Civil Practice Law and Rules.

30. The amount of the damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**WHEREFORE,** Plaintiffs, **KEITH WIGGER,** demand judgment against Defendants, on the above First Causes of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS together with the costs and disbursements herein.

Dated:  Garden City, New York
March 25, 2019

> Respectfully submitted,
>
> **LAW OFFICES OF DOUGLAS J. FANNING LLP.,**
>
> By: _____
> Douglas J. Fanning (DF 0031)
> *Attorneys for Plaintiff, Keith Wigger*
> 401 Franklin Ave - Suite 312
> Garden City, New York 11530
> Tel. 516-534-3500
> Fax 516-723-6359
> dfanning@douglasfanninglaw.com

## ATTORNEY'S VERIFICATION

DOUGLAS J. FANNING, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury: I am the attorney of record for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; the same are true to my own knowledge except as to those matters said to be upon information and belief and as to those matters I believe them to be true.

This affirmation is submitted by the undersigned because the plaintiff(s) are not in the county where I maintain my offices.

Dated: Garden City, New York
March 25, 2019

_____
DOUGLAS J. FANNING