UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEITH WIGGER,

                      Plaintiff,

           - against -

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION AND
STEVEN MENAFRO, individually,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ANSWER**

Civil Action No.
19-CV-1716

(Block, J.)
(Bulsara, M.J.)

      Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, and FEDERAL BUREAU OF INVESTIGATION (the "United States" or "Defendants"),[1] by and through their attorney, Richard P. Donoghue, United States Attorney, Eastern District of New York, and Matthew J. Modafferi, Assistant United States Attorney, of counsel, respond and answer the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

      1.     The allegations contained in paragraph 1 of the Complaint constitute legal conclusions and plaintiff's characterization of his lawsuit to which no response is required. To the

---

[1] Pursuant to the Certification of Scope of Employment and Notice of Substitution filed in this action (*see* ECF Dkt. No. 6), the United States has certified that at the time of the accident on February 22, 2017, Steven Menafro was acting within the scope of his employment with the Federal Bureau of Investigation ("FBI") and thus, the United States has been substituted for defendant Menafro as the only proper defendant in this matter. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("the FTCA makes individual government employees immune from common-law tort claims for acts committed within the scope of their employment"); *Marcus v. United States Postal Serv.*, 14-CV-330 (JFB)(SIL), 2015 U.S. Dist. LEXIS 66009, at *5 n. 1 (E.D.N.Y. May 20, 2015) ("Any tort claim against … an agency of the federal government, or … a federal employee, can only be maintained against the United States under the FTCA.").

extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that plaintiff purports to proceed as stated therein.

2. The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which to no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that plaintiff purports to bring this action under the Federal Tort Claims Act, *Bivens v. Six Unknown Federal Bureau of Narcotics Agents*, 403 U.S. 388 (1971), and the United States Constitution.

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that plaintiff purports to assert jurisdiction under 28 U.S.C. §§ 1331, 1246(b), and 1367.

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that plaintiff purports to assert venue under 28 U.S.C. § 1402(b).

5. The allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on or about May 5, 2017, the FBI received a written administrative claim by or on behalf of plaintiff regarding the events alleged in the Complaint, and on September 26, 2018, the FBI responded and made a settlement offer, which was rejected, and deemed a final denial of the administrative claim pursuant to 28 C.F.R. § 14.9(a).

6. The allegations contained in paragraph 6 of the Complaint consist of a jury demand to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, and respectfully states that plaintiff is not entitled to a trial by jury pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402 .

7. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and accordingly, denies.

8. The allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that the FBI has an office located at 26 Federal Plaza, in New York, New York.

9. The United States denies the allegations set forth paragraph 9 of the Complaint, except to admit that on February 22, 2017, a vehicle operated by plaintiff and an FBI vehicle operated by Steven Menafro were involved in an accident in Staten Island, New York, near the Verrazano Narrows Bridge.

10. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and accordingly, denies.

11. The United States denies the allegations set forth paragraph 11 of the Complaint, except to admit that on February 22, 2017, plaintiff was the driver of a 2014 Ford Edge bearing New York State license plate FXW-7287.

12. The allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that the United States Department of Justice is a federal agency.

13. The allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the FBI owned the Nissan Pathfinder bearing New York State license plate GDY-9920 ("the government vehicle").

14. The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the FBI owned the government vehicle and a federal employee was operating the government vehicle.

15. The allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that the FBI is a federal agency.

16. The allegations contained in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the FBI owned the government vehicle.

17. The allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the FBI owned the government vehicle and an employee of the FBI was operating the government vehicle.

18. The United States denies the allegations set forth in paragraph 18 of the Complaint, except to admit that on February 22, 2017, Steven Menafro was a resident of the County of Middlesex, State of New Jersey.

19. The allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations.

20. The allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the FBI owned the government vehicle and the government vehicle was operated by Steven Menafro at the time of the above-referenced accident.

21. The allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations, except to admit that on February 22, 2017, the Verrazano Narrows Bridge in Staten Island, New York was a commonly used public roadway.

22. The United States denies the allegations set forth in paragraph 22 of the Complaint, except to admit that on February 22, 2017, the government vehicle operated by Steven Menafro contacted the rear of the vehicle operated by plaintiff in Staten Island, New York, near the Verrazano Narrows Bridge.

23. The United States denies the allegations set forth in paragraph 23 of the Complaint.

24. The United States denies the allegations set forth in paragraph 24 of the Complaint.

25. The United States denies the allegations set forth in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations.

27. The United States denies the allegations set forth in paragraph 27 of the Complaint.

28. The United States denies the allegations set forth in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny the allegations.

30. The allegation contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contained factual allegations, Defendants deny the allegations.

The last unnumbered "WHEREFORE" paragraph of the Complaint constitutes plaintiff's prayer for relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations to which a response may be required, Defendant denies this paragraph in its entirety.

## **DEFENSES**

### FIRST DEFENSE

The Complaint should be dismissed to the extent that plaintiff has failed to state a claim upon which relief can be granted against the United States.

### SECOND DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

## THIRD DEFENSE

The Complaint should be dismissed to the extent that plaintiff's claim is barred pursuant to any applicable exception to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

## FOURTH DEFENSE

The Complaint should be dismissed because Defendants did not breach any duty and were not negligent.

## FIFTH DEFENSE

The Complaint should be dismissed because Defendants' actions were at all times lawful and reasonable.

## SIXTH DEFENSE

The Complaint should be dismissed because the alleged acts and/or omissions of Defendants were not the proximate cause of any injury sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff was negligent, careless, and/or reckless, and it was plaintiff's negligence, carelessness, and/or recklessness that, in whole or in part, caused or resulted in any injury and/or damages alleged in the Complaint.

## EIGHTH DEFENSE

Plaintiff's damages should be limited to the amount of damages alleged in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

## NINTH DEFENSE

The Department of Justice, Federal Bureau of Investigation, and Steven Menafro are not proper defendants.

## TENTH DEFENSE

The FTCA is an exclusive remedy for claims involving allegations of tortious conduct by federal employees acting within the scope of their employment and the only proper defendant to an FTCA suit is the United States. 28 U.S.C. §§ 2679, 2679(b)(1).

## ELEVENTH DEFENSE

The FTCA expressly states that it does not make federal agencies amenable to suit and the Department of Justice and the Federal Bureau of Investigation must be dismissed as defendants. 28 U.S.C. §§ 2679(a), 2679(d); *see also* 28 C.F.R. § 15.4.

## TWELFTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished in the proportion to which the comparative negligence and/or assumption of risk attributable to plaintiff bears to the negligence, if any, of Defendant pursuant to CPLR § 1411.

## THIRTEENTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished pursuant to CPLR § 4545 and/or any other applicable New York State law by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

## FOURTEENTH DEFENSE

To the extent any damages are recoverable against the United States, the amount of such damages should be diminished pursuant to CPLR § 1601 to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total

liability for non-economic loss, including persons or entities over whom plaintiff could have obtained jurisdiction with due diligence.

### FIFTEENTH DEFENSE

Plaintiff is barred from recovery pursuant to New York Insurance Law §§ 1501 *et seq.* because he has not sustained an economic loss greater than "basic economic loss" or "serious injury," as those terms are defined by New York Insurance Law § 1502.

### SIXTEENTH DEFENSE

Plaintiff's recovery, if any, is limited by his failure to mitigate damages.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

### EIGHTEENTH DEFENSE

Plaintiff may not recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

### NINETEENTH DEFENSE

To the extent that this Court lacks subject matter jurisdiction over any claim or cause of action, said claim or cause of action should be dismissed.

### TWENTIETH DEFENSE

Defendants assert that they have, or may have, additional defenses which are not presently known to it at this time, but which may be ascertained through discovery.  Defendants specifically preserve these and other defenses as they may be ascertained through on-going discovery.

WHEREFORE, the United States respectfully requests judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
         May 24, 2019

>                              RICHARD P. DONOGHUE
>                              United States Attorney
>                              *Counsel for the United States of America*
>                              Eastern District of New York
>                              271 Cadman Plaza East, 7th Floor
>                              Brooklyn, New York 11201
>
>                       By:           /s/
>                              Matthew J. Modafferi
>                              Assistant U.S. Attorney
>                              (718) 254-6229
>                              matthew.modafferi@usdoj.gov

To:   Douglas J. Fanning, Esq.
      Law Offices of Douglas J. Fanning, LLP
      *Attorneys for Plaintiff*
      401 Franklin Avenue, Suite 312
      Garden City, New York 11530